UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

UNITED STATES OF AMERICA

                                                                                  **DECISION AND ORDER**
         v.                                                                                                06-CR-15

AARON J. STEVENSON,

                                Defendant.
━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

        The defendant, Aaron Stevenson, was charged in a Petition for Offender Under Supervision, filed on August 23, 2013, with two charges of violating a mandatory condition of his supervised release requiring that he "not commit another federal, state or local crime" and one charge of violating a mandatory condition of his supervised release requiring that he "not possess a controlled substance." The Petition specifically charged defendant Stevenson with: (1) criminal possession of marijuana, 1st degree, a Class C felony, in violation of New York State Penal Law Section 221.30; (2) unlawful possession of marijuana, a violation, in violation of New York State Penal Law Section 221.05; and (3) violation of Section 841(a)(1) of Title 21 of the United States Code, possession of a controlled substance with intent to distribute.

        The charges in the Petition arise from the execution of a search warrant at the upper rear apartment of 48 Buffum Street, Buffalo, New York, on August 21, 2013, during which time Buffalo Police detectives seized one eleven-pound brick of marijuana, a digital scale, and a plastic bag containing 78 plastic vials

commonly used for drug trafficking.

Based upon the facts established during a violation hearing, and for the reasons set forth herein, the Court finds, by a preponderance of the evidence, that defendant unlawfully possessed marijuana in violation of state law and unlawfully possessed marijuana, a controlled substance, with the intent to distribute it, in violation of federal law.  Thus, the Court finds the defendant guilty of Charge 1, Charge 2, and Charge 3 as set forth in the Petition.

## BACKGROUND

A judgment in a criminal case against defendant Stevenson was filed on February 25, 2010.  The defendant was adjudicated guilty after a plea to Distribution of 5 Grams or More of Cocaine Base in violation of Title 21, United States Code, Section 841(a)(1).  Defendant was sentenced to a seventy-seven (77) month term of imprisonment.  On February 3, 2012, this Court issued an Order pursuant to Title 18, United States Code, Section 3582(c)(2), reducing defendant's sentence from seventy-seven (77) months to fifty-seven (57) months. Defendant's criminal history category at the time of sentencing was Category VI.

As part of the sentence, this Court also imposed a five (5) year term of federal supervised release.  The supervised release term included the following mandatory terms and requirements: (1) the defendant shall not commit another federal, state or local crime; and (2) the defendant shall not unlawfully possess a controlled substance.  The defendant served the term of imprisonment imposed

by this Court, and the instant period of supervision commenced on June 24, 2013.

After an initial appearance on the Petition on August 26, 2013, and several adjournments requested by the parties, a violation hearing was held pursuant to Federal Rule of Criminal Procedure 32.1(b)(2) on February 10, 2014 and February 11, 2014.  During the hearing, the Government introduced the testimony of United States Probation Officer Tammi Rogers, Deputy D.J. Granville of the Erie County Sheriff's Office, Detective Leo McGrath of the Buffalo Police Department, Detective Tim Mulhern of the Buffalo Police Department, Detective Debbie Mulhern of the Buffalo Police Department, and Carrillo Prim.  Defendant Stevenson and his mother, Delores Scott, testified on behalf of the defendant.

The Court evaluates the evidence offered to establish a violation of supervised release by a standard of the preponderance of the evidence.  18 U.S.C. § 3583(e)(3); Johnson v. United States, 529 U.S. 694, 700 (2000).  While conducting the hearing and reviewing the evidence presented at the hearing, the Court is mindful that the Federal Rules of Evidence are not applicable in revocation proceedings.  Fed. R. Evid. 1101(d)(3).  Certainly, however, the Federal Rules of Evidence are a useful guide to help the Court to make findings supported by "verified facts" and by "accurate knowledge."  United States v. Bari, 599 F.3d 176, 179 (2d Cir. 2010) (quoting Morrissey v. Brewer, 408 U.S. 471, 489 (1972)).

After carefully observing the witnesses' demeanor and testimony, considering all of the exhibits admitted into evidence, and applying the preponderance of the evidence standard of proof, the Court finds the following facts.

## FACTS

On August 21, 2013, officers from the Erie County Sheriff's Office and the Buffalo Police Department participated in a controlled delivery to the upper rear apartment of 48 Buffum Street, Buffalo, New York, followed by a search of the residence. Prior to this date, United States Postal Inspectors had intercepted a package containing what appeared to be a controlled substance. The package was mailed from Los Angeles, California, and was addressed to Jessica Thomas at 48 Buffum Street. The officers were present to supervise the delivery of the package by a postal employee, and had obtained a warrant to search the residence after the package had been successfully delivered.

Deputy D.J. Granville of the Erie County Sheriff's Office assisted with the controlled delivery. At the time of the delivery, Deputy Granville was conducting surveillance from an unmarked van parked outside of 48 Buffum Street. He observed defendant exit the residence prior to the delivery, enter a vehicle and proceed to drive by the house multiple times. Defendant ultimately parked the vehicle he was driving next to the police vehicle, and appeared to be watching the residence. Deputy Granville then observed a postal employee arrive with the

package, and further observed a black female exit the residence, sign for the package, and go back inside. Deputy Granville then saw defendant return to the residence.

Detective Leo McGrath of the Buffalo Police Department obtained the search warrant for 48 Buffum Street and participated in the execution of the search. He testified that when he entered the residence defendant was walking towards him. At that time, Detective McGrath ordered defendant to the floor. Detective McGrath recovered a small plastic bag of marijuana on the ground, directly underneath defendant. *See* Government Exhibit 3A. During a pat-down of defendant, Detective McGrath found a total of $1,974 in the pocket of defendant's pants in the following denominations: three 100-dollar bills, three 50-dollar bills, sixty-five 20-dollar bills, twenty-one 10-dollar bills, two 5-dollar bills, and four 1-dollar bills. *See* Government Exhibit 9. When officers took defendant's pedigree information, he indicated that he was unemployed and had no source of income.

During the search of the residence, the officers found the express mail label on the parcel used in the controlled delivery and an eleven-pound brick of what appeared to be marijuana, wrapped in cellophane, which had been delivered in the parcel.[1]  *See* Government Exhibits 3B and 3C. Officers also

---

[1] The brick was later taken to Erie County Central Police Services Laboratory, where it was tested and found to contain marijuana.

found, in the bedroom, a bag containing seventy-eight empty plastic vials. *See* Government Exhibit 3D. Detective McGrath testified that in his training and experience, these types of vials are often used to package marijuana for sale. Deputy Granville recovered a box containing a digital scale in the storage room off of the kitchen. *See* Government Exhibit 3E. An unopened letter addressed to defendant at 48 Buffum Street and two prescription pill bottles belonging to defendant were also discovered during the search. *See* Government Exhibits 5 and 10.

The other individual present at the residence during the search, in addition to defendant, was Carrillo Prim. Detective Debbie Mulhern of the Buffalo Police Department spoke with both Prim and defendant at the time of the search. Defendant informed Detective Mulhern that Prim was his girlfriend and that he has lived at 48 Buffum Street for the past nine years. Defendant also asked Detective Mulhern if she was going to "throw him under the bus." Prim informed Detective Mulhern that she signed for the express mail package, that the package contained marijuana, and that the marijuana was "both of ours", meaning both hers and the defendant's. Prim also stated that defendant was her boyfriend, that they had been together for nine years, and that defendant lived with her at 48 Buffum Street. Prim then refused to give a written statement.

United States Probation Officer Tammi Rogers testified that she began supervising defendant in July of 2013 after defendant's former supervising officer,

Joseph Killian, retired. Officer Rogers testified that defendant's address of record was 81 Allendale Road, Cheektowaga, New York and that defendant had been unemployed since early August of 2013. She also testified that she went to see defendant at 81 Allendale on August 8, 2013, but that he was not present at the address.

## **FINDINGS**

Defendant Stevenson does not dispute that he was present at 48 Buffum Street at the time of the controlled delivery and search. He denies that he resided at 48 Buffum Street and denies knowledge and possession of the marijuana. However, after observing the testimony of the witnesses during the violation hearing, and carefully weighing the credibility of the testimony, the Court finds that the defendant did knowingly possess the marijuana seized on August 21, 2013.

Deputy Granville credibly testified that defendant appeared to be conducting "counter surveillance" of the residence prior to and during the controlled delivery. Deputy Granville observed defendant exiting the residence before the delivery, circling the residence and then parking nearby, and reentering the residence after the delivery was complete. In light of all of the circumstances and evidence presented, the Court finds defendant's behavior on August 21, 2013 to be consistent with someone who had knowledge that contraband was going to be delivered to their residence.

The Court also finds that all of the credible evidence presented indicates that defendant resided at 48 Buffum Street and that he possessed the marijuana delivered there on August 21, 2013.  Detective Mulhern credibly testified that defendant told her that he had lived at 48 Buffum Street for the past nine years, and mail addressed to defendant and prescription pill bottles bearing his name were found during a search of the residence.  The Court credits Detective Mulhern's testimony that Prim told her that defendant was her boyfriend, that he lived with her at 48 Buffum Street and that the marijuana belonged to both of them.[2]  In further support, a small plastic bag of marijuana was found directly underneath defendant during the search.  The only credible explanation for this finding is that the bag fell from defendant's person when Detective McGrath ordered defendant to the floor.

The Court also finds that defendant possessed the marijuana with the intent to distribute it.  An eleven-pound brick of marijuana was delivered to defendant's residence and seized during the search.  Detective McGrath credibly testified that in his training and experience, the possession of eleven pounds of marijuana is consistent with the sale of the drug rather than personal use.  Also

---

[2] During the hearing, the Court allowed Detective Mulhern to testify regarding Prim's statements despite defendant's objections that the proffered testimony constituted hearsay.  A detailed explanation of the Court's finding that Detective Mulhern's testimony was a proper exception to the rule against hearsay, and was permissible pursuant to Federal Rule of Criminal Procedure 32.1(b)(2), Federal Rule of Evidence 804(b)(3) and relevant Second Circuit case law, may be found in the hearing transcript record from February 11, 2014.

found during the search were items typically used in the packaging of marijuana for sale, including a digital scale and seventy-eight empty plastic vials.

The Court finds that the testimony of Delores Scott is not entirely credible. Ms. Scott testified that defendant resided at 81 Allendale Street with Keisha Rodriguez, the mother of three of defendant's children. However, the preponderance of the evidence in this case, including defendant and Prim's statements to Detective Mulhern, the mail addressed to defendant found at 48 Buffum Street and the prescription pill bottles, all indicate that defendant was living with Prim at 48 Buffum Street on August 21, 2013. Indeed, Ms. Scott testified that she is defendant's mother. She clearly loves her son and wants to help him. The Court finds that Ms. Scott has motive to protect the defendant, and that her testimony about defendant's residence is not wholly believable in light of the other evidence and testimony presented in this case.

Ms. Scott also testified that defendant had been given money by his aunt, who had recently received an award of $24,000 in Social Security Disability Benefits. Ms. Scott testified that defendant's aunt gave defendant $3,000 in cash, because defendant does not have a bank account. Defendant argues that the gift from his aunt serves as a legitimate explanation for the amount of cash found on his person on August 21, 2013. The Court finds defendant's explanation is not persuasive. Defendant was found to be in possession of $1,974. Approximately $1,300 of this total was made-up of twenty-dollar bills. It

defies logic that defendant's aunt would give him a portion of her Social Security Disability Benefits in the form of sixty-five or more 20-dollar bills. The Court finds that the make-up of the currency found on defendant, coupled with the fact that defendant was unemployed yet had almost $2,000 in his pocket the night of his arrest, suggests that he possessed the marijuana delivered to the house and intended to distribute it.

Furthermore, the Court carefully observed defendant Stevenson's demeanor during his testimony and finds that his denial that he lived at 48 Buffum Street, as well as his denial that he possessed the marijuana, are self-serving and not entirely credible. Detective Mulhern credibly testified that defendant informed her that he had lived with Prim at 48 Buffum Street for the past nine years, and that defendant asked that she not "throw him under the bus." The Court finds defendant's testimony denying that he made these statements to Detective Mulhern not fully credible and that his testimony denying knowledge of the delivery of marijuana is likewise not fully credible. The Court also finds that defendant's explanation for his behavior at the time of delivery, that he was watching the house in order to determine whether Prim had another boyfriend, is not believable when considered in light of the other evidence presented here.

Furthermore, the only logical explanation for defendant's statement about being "thrown under the bus" is that defendant knew that he would be subject to strict penalties if found to be in possession of marijuana. Defendant has an

extensive record of arrests and convictions and likely realizes that he may be subject to a substantial term of imprisonment if convicted of the charges set forth in the Petition.  This explanation is consistent with statements defendant made during a telephone call from the Erie County Holding Center shortly after his arrest.  During the call, defendant told an unidentified female that he "can't take no charges" and that Prim "got to take the fall for it."  At no time during the phone call, wherein defendant discusses at length the circumstances of the charges against him, does defendant deny knowledge or possession of the marijuana.  For all of these reasons, the Court does not fully credit defendant's testimony.

Finally, the Court does not credit Prim's affidavit dated November 14, 2013. *See* Defense Exhibit 2.  The affidavit provides a summary and conclusory statement that defendant was unaware of the marijuana delivered to 48 Buffum Street on August 21, 2013.  The affidavit provides no context or evidentiary support for this statement, and the Court is unaware of the circumstances under which this affidavit was prepared.  Prim elected not to testify in this case and instead invoked her Fifth Amendment right, as she is entitled to do.  However, this Court cannot permit Prim to refuse to offer testimony regarding a critical issue in this case, but then credit a summary affidavit exonerating her boyfriend, which contains no other evidentiary support and is completely contrary to all of the other testimony and evidence offered in this case.

Based upon all of the evidence at the hearing, the Court specifically finds

by a preponderance of the evidence that defendant Stevenson is guilty of all three charges set forth in the Petition, which include: (1) criminal possession of marijuana, 1st degree, a class C felony, in violation of New York State Penal Law Section 221.30; (2) unlawful possession of marijuana, a violation, in violation of New York State Penal Law Section 221.05; and (3) possession of marijuana with intent to distribute in violation of Title 21, United States Code, Section 841(a)(1).

## **CONCLUSION**

For these reasons, the Court finds the defendant, Aaron Stevenson, has violated the mandatory conditions of his supervised release that he not commit another federal, state or local crime as alleged in Charge 1 and Charge 2 of the August 23, 2013 Petition for Offender Under Supervision.  The Court also finds that defendant has violated the mandatory condition of his supervised release that he not unlawfully possess a controlled substance as alleged in Charge 3 of the August 23, 2013 Petition for Offender Under Supervision.

Sentencing for the defendant's supervised release violations will be held on March 11, 2014 at 12:30 p.m.  The United States Probation Office shall complete a report by March 7, 2014.


SO ORDERED.

                              *Richard J. Arcara*
                         HONORABLE RICHARD J. ARCARA
                         UNITED STATES DISTRICT JUDGE

Dated: February 14, 2014